IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROXANNE V. ZOLIN,
    Plaintiff,

vs.                                          Case No: 3:07cv538/RV/EMT

JOSEPH CARUTH, et al.,
    Defendants.
_____/

## **ORDER**

        Plaintiff, proceeding pro se, has filed a civil complaint pursuant to 28 U.S.C. § 1332 and has named fifteen (15) Defendants in her complaint, including ten (10) "John Doe" Defendants (Doc. 1). The filing fee has been paid (*see* Docket Entry 1). Additionally, notice has been filed indicating that Plaintiff attempted to effect service of the complaint on four of the named Defendants (Doc. 4). However, summonses have not been issued, and there is no indication that each Defendant has waived service of a summons; therefore, it does not appear that service has been properly effected. Rule 4 of the Federal Rules of Civil Procedure governs service of process in federal civil actions, and in addition to reading this order, Plaintiff should review the Rule in its entirety.

        However, before service can be effected, Plaintiff will be required to correct the deficiencies in the original complaint by filing an amended complaint. First, the court notes that Plaintiff submitted a 30 (thirty) page complaint. Rule 5.1(J)(3) of the Local Rules of Federal Procedure for the Northern District states, in pertinent part, "No petition, complaint, or memorandum may exceed 25 pages absent leave of court upon a showing of good cause." Also, Rule 8(a) of the Federal Rules of Civil Procedure states, "An original claim shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." "A district court may, sua sponte, require a Plaintiff to file an amended complaint if the original complaint fails to comply with Rule 8." *See, e.g.*, Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996). Plaintiff shall therefore be required to

prepare and file an amended complaint that contains a short, plain statement of the grounds upon which the court's jurisdiction depends and a short plain statement showing that Plaintiff is entitled to relief.

Additionally, the court notes that Plaintiff has attached 44 (forty-four) pages of exhibits to her complaint.  Plaintiff is advised that, unless the document is integral to a claim, she should not submit exhibits at this time.  Plaintiff will be advised when, prior to trial or in conjunction with a motion for summary judgment, the submission of additional evidence or argument in support of her claims is appropriate.  Submitting voluminous exhibits makes it difficult for the court to discern the nature of Plaintiff's claim(s) for relief.  For example, Plaintiff submitted numerous exhibits including duplicate copies of e-mails, a letter to Terry M. Mallery, Esq. summarizing Plaintiff's breach of contract claim, and what appear to be several resumes, including Plaintiff's.  These documents do not appear to be relevant to any stated claim at this point.  An example of a document that would be integral to Plaintiff's claim would be a contract between the parties, or any document that Plaintiff perceives to be a contract.

Moreover, as noted *supra*, Plaintiff has named ten (10) John Doe Defendants.  Plaintiff is advised that these Defendants may be subject to dismissal from this action.  *See* Wessinger v. Board of Regents of Univ. System of Georgia, 2007 WL 1430388 at *1 (N.D. Ga. May 14, 2007) (noting the general prohibition against "fictitious party practice" in federal court).  Although courts have sometimes made exceptions when an individual can be described without stating his or her name precisely or correctly, Plaintiff has failed to describe the John Doe Defendants in the instant case precisely and correctly, either by name, address, or some other identifier so that they may be served.  If a John Doe cannot be identified sufficiently in order to summon that individual to appear, dismissal of that Defendant from this action will be warranted.  *Cf.* Dean v. Barber, 951 F.2d 1210, 1215–16 (11th Cir. 1992) (finding plaintiff's description of "Chief Deputy of the Jefferson County Jail John Doe" sufficient because the proposed defendant existed and plaintiff adequately described the person to be sued so that the person could be identified for service).  Therefore, if Plaintiff is unable to sufficiently identify any particular John Doe, she should consider dropping him as a Defendant in this action.

Thus, to proceed with this action, Plaintiff must file an amended complaint, marking it "**Amended Complaint**." Plaintiff must limit her allegations to claims related to the same basic incident or issue. Plaintiff is advised that the amended complaint must contain all of her allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Finally, Plaintiff is advised that the court will provide her with information pertaining to service of process once the above deficiencies are corrected by the filing of an amended complaint in accordance with this order.

Accordingly, it is **ORDERED**:

Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended complaint as directed in this order.

**DONE AND ORDERED** this 30th day of January 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**