IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROXANNE V. ZOLIN,
  Plaintiff,
v.
              Case No.: 3:07cv538/RV/EMT
GOLDRUSH77.COM,
  Defendant.
_____/

## O R D E R

  This cause is before the court on Defendant Goldrush77.com's "Motion of Defendant Goldrush77.com to Dismiss the Amended Complaint for Failure to State a Cause of Action and for Failure to Comply with Pleading Requirements, or in the Alternative for a More Definite Statement, and Motion to Strike Claim for Attorney's Fees," and Plaintiff's response thereto (Docs. 12, 17).

  Defendant Goldrush77.com (hereafter "Defendant") requests that this court enter an order dismissing Plaintiff's amended complaint for failure to comply with Rules 12(b)(6), 8(a)(2), 8(d)(1), 9(b), 10(b), 12(e) and 12(f) of the Federal Rules of Civil Procedure (Doc. 12 at 1). In the alternative, Defendant requests that this court enter an order requiring Plaintiff to amend her pleading to provide a more definite statement of her claims (*id.* at 2–3).

  In support of the motion, Defendant states that Plaintiff's amended complaint should be dismissed for failure to comply with the Federal Rules because Plaintiff failed to "make a distinction among the defendants for wrongs each is alleged to have caused, although clearly it would be impossible for each defendant to have participated in each of the wrongs for which Plaintiff is complaining" (*id.* at 6).[1] Additionally, Defendant contends that Plaintiff's complaint is a "shotgun"

---

[1] In response to the undersigned's order to show cause requesting that Plaintiff show cause as to why Defendants Joseph Caruth and Goldrush 77 should not be dismissed as Defendants for failure to effect service, Plaintiff filed a notice of voluntary dismissal requesting that Defendants Joseph Caruth, a/k/a Joseph Caruth, Jr., a/k/a Joseph Henry Caruth, Jr. (individually and as president of Goldrush 77) and Goldrush 77 be dismissed as Defendants in this action (*see* Docs. 19, 20). The District Court subsequently issued an order adopting the undersigned's R & R which recommended that

pleading whereby each count incorporates by reference all of the preceding paragraphs (*id.*). Defendant also asserts that Plaintiff failed to state a claim upon which relief may be granted (*id.* at 8–15). Furthermore, Defendant asserts that Plaintiff is not entitled to attorney's fees as she is proceeding pro se and requests that the court strike Plaintiff's request for attorney's fees (*id.* at 13). Thus, Defendant seeks the entry of an order either dismissing Plaintiff's amended complaint, or in the alternative, requiring Plaintiff to provide a more definite statement of her claims (*id.* at 13).

In response to Defendant's motion to dismiss, Plaintiff contends the motion is without merit because the allegations in her complaint are sufficient to give Defendant "fair notice" of her claims; however, she does not oppose Defendant's motion for a more definite statement (Doc. 17 at 2, 5, 6). Additionally, Plaintiff opposes Defendant's motion to strike her request for "legal and/or paralegal fees" because she has "incurred significant expenses in order to obtain knowledgeable legal and paralegal research and procedural assistance for this case" (*id.* at 2, 8).

After carefully considering the parties' arguments, the court will grant Defendant's motion to the extent Defendant requests that Plaintiff amend her pleading to provide a more definite statement of her claims.

> Rule 12(e) of the Federal Rules of Civil Procedure provides the following:
>
> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

In the instant case, Defendant's motion complies with Rule 12(e), as Defendant filed the motion prior to responding to Plaintiff's amended complaint (Doc. 8), Defendant has pointed out the defects in Plaintiff's amended complaint, and Defendant has specifically requested more information on certain issues (*see id.* at 8–13). To illustrate, Defendant points out the following

---

Plaintiff's notice of voluntary dismissal be granted (*see* Docs. 22, 23). Defendant Goldrush77.com is now the only remaining Defendant in this cause of action. The instant motion (Doc. 12), however, was filed prior to the dismissal of the other Defendants.

Case No.: 3:07cv538/RV/EMT

defects in the amended complaint: (1) Plaintiff's claim for declaratory relief (Claim One) is subject to dismissal because Plaintiff fails to state a cause of action against Defendant as she has not shown the existence of an actual controversy; (2) Plaintiff's breach of contract claim (Claim Two) is subject to dismissal because the amended complaint fails to establish that there was a meeting of the minds between Plaintiff and Defendant; (3) Plaintiff's breach of implied covenant of good faith and fair dealing claim (Claim Three) should be dismissed because Plaintiff has failed to state a cause of action for wrongful and/or unfair termination; (4) Plaintiff's claim of fraud and deceit (Claim Four) should be dismissed because Plaintiff relies on an e-mail to prove this claim but fails to show how the e-mail was false and fails to show how Defendant knew that any such statement was false at the time it was made; (5) Plaintiff's quantum meruit claim (Claim Five) is subject to dismissal because although Plaintiff alleges that she performed work on behalf of Defendants, she fails to establish which Defendant received the benefits of her work, and (6) Plaintiff's wrongful and/or unfair termination claim (Claim Six) should be dismissed because Plaintiff failed to specifically allege an employment agreement with Defendant Goldrush77.com and has made broad allegations that she was employed by all Defendants (*id.* at 9–12). Additionally, Defendant states that it is unable to reasonably prepare a response to the complaint because Plaintiff refers generally to "Defendants" in setting forth the factual allegations of her claims without delineating any Defendant's particularized role in each of her claims (*id.* at 2–3).

In light of Plaintiff's express indication that she does not oppose Defendant's request for a more definite statement (*see* Doc. 17 at 2, 3, 6–7), as well as the fact that all Defendants except Goldrush77.com have now been terminated from this action <u>thereby enabling Plaintiff to tailor her allegations to this particular Defendant</u>, the undersigned concludes that Defendant's motion should be granted to the extent that Plaintiff shall be required to file a second amended complaint which includes a more definite statement of her claims as to the only remaining Defendant.

If Plaintiff chooses to proceed with this action, she must submit an amended complaint, marking it "Second Amended Complaint." The complaint should contain only "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff is advised that, absent leave of court upon a showing of good cause, her complaint may not exceed twenty-five (25) pages. *See* N.D. Fla. Loc. R. 5.1(J)(3). Plaintiff is further advised that once an

amended complaint is filed, all earlier complaints and filings are disregarded; therefore, she may not refer to any earlier complaint or pleading that has been filed in this case, and she must include any factual allegations that support her claims in the second amended complaint. *See* N.D. Fla. Loc. R. 15.1 ("Matters not set forth in the amended pleading are deemed to have been abandoned."). Furthermore, all facts asserted in support of Plaintiff's claims must be included in the "Statement of Facts" section of the complaint form; Plaintiff shall not rely on or refer to facts included in other documents. With regard to exhibits, Plaintiff should attach to the complaint only documents that may be deemed part of the pleading, which include only documents that are central to her claims, for example "right to sue" letters, contracts, or other written instruments, and the authenticity of which is undisputed. *See* Fed. R. Civ. P. 10(c); *see also* Horsely v. Feldt, 203 F.3d 1125, 1134–35 (11th Cir. 2002) (a document attached to a pleading should be considered part of the pleading only if the document is central to one of the claims and its authenticity is undisputed).

Finally, with regard to Defendant's motion to strike Plaintiff's request for legal fees, in light of the court's ruling that Plaintiff must file a second amended complaint, Defendant's motion to strike Plaintiff's request for legal fees from the amended complaint will be denied as moot. However, the denial of Defendant's motion will be without prejudice to Defendant's refiling the motion to strike if Plaintiff includes such a request in her second amended complaint. Plaintiff is advised that pro se litigants are not entitled to attorneys' fees. *See* Kay v. Ehrler, 499 U.S. 432, 111 S. Ct. 1435 (1991) (holding that a pro se litigant may not recover attorney's fees even if the litigant is a licensed attorney). Additionally, Florida law allows the recovery of attorney's fees as damages or costs to the prevailing party when provided for by statute or contract. *See* Ardaman & Associates, Inc. v. Travelers Cas. and Sur. Co. of America, No 3:08cv144/MCR, 2009 WL 161203, at *10 (N.D. Fla. Jan. 22, 2009) (citing Italiano v. Jones Chemicals, Inc., 908 F. Supp. 904, 907 (M.D. Fla.1995); Mediplex Const. of Florida, Inc. v. Schaub, 856 So. 2d 13, 15 (Fla. 4th DCA 2003) (citation omitted)). Therefore, unless Plaintiff's second amended complaint includes allegations showing that either a Florida statute or the terms of the alleged agreement or contract between the parties provides for the recovery of attorneys' fees as damages or costs, a request for attorneys' fees may properly be stricken.

Accordingly, it is **ORDERED**:

1.	Defendant's motion (Doc. 12) is **GRANTED** only to the extent that Plaintiff shall amend her complaint to provide a more definite statement of her claims.

2.	Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file a second amended complaint as directed in this order.  In the alternative, and within the same time period, Plaintiff may file a notice of voluntary dismissal of this action.

3.	Plaintiff's failure to respond to this order may result in a recommendation that this case be dismissed for failure to comply with an order of the court.

**DONE AND ORDERED** this 12th day of February 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**